[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PREJUDGEMENT ATTACHMENTS
Defendant Walter Bennett an alleged tortfeasor, has received $88,885.09 from his workers' compensation carrier. Bennett's estate consists of a condominium with a fair market value of $39,000, which was purchased with funds from the workers' compensation award. and $36,781.14 in bank accounts, also from said award.
Bennett argues that the bank account funds are not attachable pursuant to § 52-352b(g) since they are the proceeds of a workers' compensation settlement. Bennett also argues that the condominium is not attachable pursuant to either General Statutes § 52-352b(g) or § 52-352b(t). The plaintiff, Sherri Rice, argues that the statutes cited by Bennett govern postjudgment remedies only, rather than the prejudgment remedy sought here. Plaintiff also argues that once the workers' compensation settlement was paid to Bennett and deposited into the bank accounts, the funds became investments accumulating interest and were attachable.
Items exempted from postjudgment remedies pursuant to § 52-352b
are also exempt from prejudgment remedies. Shawmut Bank, N.A. v.Valley Farms, 222 Conn. 361, 366, 610 A.2d 652 (1992). Under §52-352b(g) exempt property includes: "Workers' compensation, social security, veterans and unemployment benefits." The parties do not dispute that the funds in Bennett's bank accounts are comprised of worker's compensation monies. The issue is whether these monies, which as workers' compensation would be exempt, forfeit their exempt status because they have been deposited into Bennett's bank accounts.
The United States Supreme Court has addressed whether once-exempt funds which are deposited into a bank account retain their exempt status. In Porter v. Aetna Casualty Co.,370 U.S. 159, 160, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962), the petitioner, an CT Page 10667-b incompetent air force veteran, deposited veteran disability funds into his bank accounts, from which he drew funds periodically to support himself. The court held that since the funds were the only means of support available to the petitioner, and since they were being drawn for the petitioner's support and maintenance, they retained their exempt character. Id., 162. The court reasoned that it was the intention of Congress that veterans should be able to safekeep their veterans benefits by placing them into bank accounts and drawing on them as needed for their support and maintenance. Id. In a later case, Philpott v. EssexCounty Welfare Board, 409 U.S. 413, 416, 93 S.Ct. 590,34 L.Ed.2d 608 (1973), the court followed Porter in determining the exempt status of social security benefits. In Philpott, the court reasoned that social security "moneys paid" and deposited into bank accounts, like veterans benefits, are readily withdrawable, thus retaining their exempt status, and do not become permanent investments which would be attachable. Id.
In two Connecticut cases, the superior court has drawn upon the reasoning of Porter and Philpott in holding that worker's compensation benefits deposited into bank accounts retain their exempt status. In Yale New Haven Hospital v. Balser, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044591 (February 20, 1998, Flynn, J.), the court determined that "it is important that there be a consistent application of the law so that state Worker's Compensation funds exempt under subsection (g) of 52-352b not be treated in a different manner from Veteran's and Social Security benefits which, although exempt under that same subsection (g), are also exempt by virtue of federal laws." Based on Philpott, the court found that depositing exempt funds in an account with non-exempt funds does not change the character of the exempt funds. See also In ReKarlin, Superior Court, judicial district of Hartford/New Britain at Hartford. Tax Warrant (October 1, 1991, Aronson, J.) (following Porter, court held that social securities benefits withdrawn by recipient and loaned to his sons lost exempt status since they were no longer available for support and maintenance of recipient). Accordingly, if Bennett's bank accounts, which consist entirely of workers' compensation benefits, are being used for his support and maintenance, then the fact that they have been dispersed in a lump sum by the workers' compensation board and deposited into Bennett's bank accounts does not alter their exempt status. Therefore, Rice may not attach the amount remaining in Bennett's bank accounts.
CT Page 10667-c This court believes the homestead exemption issue is not fully briefed. Should plaintiff desire to pursue this avenue, brief is to be submitted by September 30, 1998 with defendant's brief by October 23, 1998 (with courtesy copies).
THOMAS NADEAU, JUDGE
CT Page 10668